IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ST. PAUL GUARDIAN INSURANCE COMPANY, THE CHARTER OAK FIRE INSURANCE COMPANY, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>WALSH CONSTRUCTION COMPANY,<br><br>　　　　　Defendant. | Case No. 1:15-cv-10324<br><br>Hon. Charles R. Norgle Sr. |

**PLAINTIFFS/COUNTER-DEFENDANTS ST. PAUL GUARDIAN INSURANCE COMPANY, THE CHARTER OAK FIRE INSURANCE COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S <u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiffs/Counter-Defendants St. Paul Guardian Insurance Company ("St. Paul"), The Charter Oak Fire Ins. Co. ("Charter Oak") and Travelers Property Casualty Company of America ("Travelers") (collectively, "Plaintiffs" or the "Insurers"), by and through their undersigned counsel, Karbal, Cohen, Economou, Silk & Dunne, LLC, and pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1(a), hereby move for summary judgment on Counts I and II of their First Amended Complaint (ECF No. 60), and Counts I, II, III, and IV of Defendant/Counter-Plaintiff Walsh Construction Company's ("Walsh") Counterclaim (ECF No. 64), and respectfully request the entry of final judgment in their favor. The Insurers incorporate the arguments and authorities offered in their Memorandum of Law in Support of Their Combined Cross-Motion for Summary Judgment and Response in Opposition to Defendant Walsh's Motion for Summary Judgment ("Cross-Motion and Response"), filed concurrently herewith. In support of their Cross-Motion and Response, the Insurers state as follows:

1.	In this coverage action, the parties dispute the availability of coverage under the Policies for Walsh's $10,000,000 settlement with the City of Chicago (the "City Settlement") and its $24,132,650 bankruptcy settlement with LB Steel (the "LB Steel Settlement").

2.	In Count I of their First Amended Complaint, the Insurers seek a declaration that there is no coverage under their Policies for the LB Steel Settlement. In Count I of its Counterclaim, Walsh seeks judgment in the amount of the LB Steel Settlement on the grounds that the settlement is covered under the Policies. The Court should enter summary judgment in favor of the Insurers and against Walsh and hold that the Insurers have no duty to indemnify Walsh for the LB Steel Settlement based on the undisputed facts and Illinois law. Among other reasons, there is no coverage because Walsh's claims against LB Steel sounded in breach of contract and the only damages sought or recovered were for purely economic losses incurred to repair and remediate the non-conforming work of LB Steel. Accordingly, there was no "property damage" and no "event," "occurrence" or "accident," as defined by the Policies and Illinois law.

3.	In Count II of the First Amended Complaint, the Insurers seek a declaration that they had no duty to defend or indemnify Walsh for the claims alleged in the City's Complaints. In Count II of its Counterclaim, Walsh alleges that the Insurers had a duty to defend Walsh against the City's Complaints and seeks the attorneys' fees and costs that it incurred to defend itself. In Count III, Walsh alleges that the Insurers have a duty to indemnify Walsh for the City Settlement. The Court should enter summary judgment in favor of the Insurers and against Walsh hold that the Insurers had no duty to defend or indemnify Walsh for the City's Complaints. Because the City's Complaints did not allege facts falling within or potentially within the coverage provided by the Policies, the Insurers had no duty to defend or indemnify Walsh.

4.	In Count IV of its Counterclaim, Walsh alleges that the Insurers' claims-handling with regard to Walsh's tender of the City's claims against Walsh for defense and indemnity was unreasonable and vexatious within the meaning of Section 155 and seeks an award of statutory damages. The Court should enter summary judgment in favor of the Insurers and hold that Walsh is not entitled to an award of statutory damages under Section 155 because there was no duty to defend or indemnify as a matter of law.

WHEREFORE, the Insurers respectfully request that the Court grant the Insurers' Cross-Motion for Summary Judgment, deny Walsh's Motion for Summary Judgment, and enter final judgment in favor of the Insurers.

Dated:  July 29, 2022

>Respectfully submitted,
>
>ST. PAUL GUARDIAN INSURANCE COMPANY, THE CHARTER OAK FIRE INSURANCE COMPANY and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA
>
>By: */s/ Roderick T. Dunne*
>     One of their attorneys

Roderick T. Dunne
Howard J. Fishman
**KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC**
200 South Wacker Drive, Suite 2550
Chicago, Illinois 60606
Tel:	(312) 431-3700
Email: rdunne@karballaw.com
Email: hfishman@karballaw.com

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney, hereby certifies he served a copy of ST. PAUL GUARDIAN INSURANCE COMPANY, THE CHARTER OAK FIRE INSURANCE COMPANY and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S RESPONSE TO WALSH CONSTRUCTION COMPANY'S STATEMENT OF MATERIAL FACTS upon the following counsel of record:

  David B. Goodman
  Carrie E. Davenport
  Kalli K. Nies
  Goodman Law Group Chicago
  20 N. Clark Street, Suite 3300
  Chicago, IL 60602
  dg@glgchicago.com
  cd@glgchicago.com
  kn@glgchicago.com

by electronic mail on the 29th day of July, 2022.

              */s/ Roderick T. Dunne*
              One of the Attorneys for Plaintiffs/Counter-Defendants ST. PAUL GUARDIAN INSURANCE COMPANY, THE CHARTER OAK FIRE INSURANCE COMPANY and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA